IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00168-RTG

ADRIÁN DEL JESÚS RODRÍGUEZ RODRÍGUEZ,

    Petitioner,

v.

PAMELA BONDI, Attorney General of the United States,
KRISTI NOEM, Secretary of Homeland Security,
TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, and
WARDEN, Denver Contract Detention Facility,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Petitioner is being held at an immigration detention facility in Aurora, Colorado. On January 14, 2026, Yanireth Bendita Bastardo, Petitioner's spouse and next friend, submitted on Petitioner's behalf a pleading captioned "Petition for Writ of Habeas Corpus, 28 U.S.C. § 2241, Emergency Request for Immediate Release or Return for Due Process" (ECF No. 1) along with an "Emergency Motion to Expedite" (ECF No. 2) and an "Emergency Motion for Immediate Release" (ECF No. 3).

    On January 15, 2026, Magistrate Judge Richard T. Gurley entered an Order to Cure Deficiencies (ECF No. 5). Magistrate Judge Gurley noted initially that Yanireth Bendita Bastardo may not represent Petitioner unless she is represented by counsel and demonstrates she has standing to act as Petitioner's next friend. Yanireth Bendita Bastardo was given an opportunity to cure the deficiencies by obtaining counsel to file an amended pleading that satisfies the requirements for "next friend" standing.

Alternatively, Petitioner was advised that he may cure the deficiencies by filing an amended pleading that he signs himself. Magistrate Judge Gurley directed the Clerk of Court to mail a copy of the Order to Cure Deficiencies to both Petitioner and Yanireth Bendita Bastardo, and the docketing text indicates a copy of the order was mailed as directed. Finally, Magistrate Judge Gurley stated that the action would be dismissed without prejudice if the deficiencies were not cured within thirty days.

Neither Petitioner nor Yanireth Bendita Bastardo has cured the deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice for failure to prosecute and cure the deficiencies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Petitioner files a notice of appeal he also must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the "Petition for Writ of Habeas Corpus, 28 U.S.C. § 2241, Emergency Request for Immediate Release or Return for Due Process" (ECF No. 1) is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and cure the deficiencies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   27th   day of     February    , 2026.

BY THE COURT:

       s/Lewis T. Babcock      
LEWIS T. BABCOCK, Senior Judge
United States District Court